UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 07-194-GWU

ROBIN WRIGHT
O.B.O. GERALDINE GROSS,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                           DEFENDANT.

**INTRODUCTION**

Robin Wright brought this action to obtain judicial review of an unfavorable administrative decision on an application for Disability Insurance Benefits filed by Geraldine Gross, her deceased mother. The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or

1

        mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

      Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592

4

(6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical

vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework

for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Gross, who was 42 years old at the time of her death on March 5, 2006, suffered from impairments related to degenerative disc disease, being status post cervical fusion, coronary artery disease, being status post angioplasty, and a depressive disorder. (Tr. 24, 33). During the time period relevant to this appeal,[1] the ALJ determined that while Gross could not return to her past relevant work, she would have been able to perform a restricted range of light level work. (Tr. 34). Since the available work was

---

[1] During the administrative hearing, the plaintiff's representative amended the alleged onset date to August 30, 2001. (Tr. 23). The ALJ determined that her DIB-insured status expired on December 31, 2005. (Tr. 33). Therefore, the claimant must demonstrate disabled status between these two dates in order to qualify for DIB.

7

07-194 Robin Wright
O.B.O. Geraldine Gross

found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Id.). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 32-33).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert George Parsons included an exertional limitation to light level work, restricted from a full range by such non-exertional limitations as: (1) an inability to stand for more than two hours in an eight-hour period with a need to at least momentarily alternate between sitting and standing in two-hour intervals; (2) an inability to ever climb ladders, ropes or scaffolds; (3) an inability to more than occasionally climb ramps or stairs, stoop, kneel, crouch and crawl; and (4) a need to avoid exposure to temperature extremes, fumes, odors, gases, poor ventilation, and hazardous equipment. (Tr. 604). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 605-608). The ALJ later added such mental limitations as: (1) a restriction to simple one- to two-step job instructions; (2) a "mild to moderate" restriction of ability to relate to bosses, co-workers, and the general public; (3) a "moderate" limitation of ability to sustain attention and concentration or complete a normal workday and work week without

interruption from psychologically-based symptoms; and (4) a "moderate to marked" limitation of ability to tolerate daily stress. (Tr. 609). The expert indicated that the aforementioned work could still be done with some question concerning sustaining it. (Tr. 609-610). Finally, the ALJ changed the mental factors to a "fair" ability to deal with instructions, relate to co-workers and supervisors, persist on task and tolerate work stresses as well as "mild" restrictions in activities of daily living, maintaining social functioning, or maintaining concentration and pace. (Tr. 610). Parsons testified that the jobs initially cited could still be performed. (Id.). Therefore, assuming that the vocational factors cited by Parsons fairly depicted the condition of Gross, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

      With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Jeff Reichard, an examining consultant, diagnosed cervical spine strain, lumbar spine pain and tobacco abuse. (Tr. 445). Dr. Reichard advised that Gross would be able to perform "a mild amount of ambulating, standing, bending, and stooping and should avoid lifting heavy objects." (Id.). The physical factors of the hypothetical question were essentially compatible with these restrictions. Dr. Robert Strickmeyer treated the claimant for heart problems and noted that "she has no restriction or limitation with regard to her activities." (Tr. 414). While the patient later complained about an increase in her

07-194 Robin Wright
O.B.O. Geraldine Gross

heart pain following the death of her grandchild, the doctor did not impose any functional limitations and actually encouraged her to maintain her activity level. (Tr. 416). Thus, this opinion also supports the administrative decision. More severe physical limitations than those found by the ALJ were not imposed by such treating and examining sources of record as Dr. John Gilbert (Tr. 239-270), Dr. Bobby Kidd (Tr. 271-274), Dr. Mark Middendorf (Tr. 311-320, 366-396, 432-442), Dr. Kendall Hansen (Tr. 321-358), and the staff at the Summit Medical Group (Tr. 556-563). These reports provide substantial evidence to support the administrative decision.

The record was reviewed by Dr. John Rawlings (Tr. 275-285), Dr. Jack Ross (Tr. 286-294), Dr. Ronald Brown (Tr. 464-472) and Dr. Timothy Gregg (Tr. 492-500), each of whom noted that Gross would be physically able to perform a restricted range of light level work. Each of the reviewers identified restrictions concerning reaching overhead which the ALJ did not present to the vocational expert. The plaintiff has not alleged that the omission of this factor was reversible error. The court notes that Dr. Reichard, an examining source, did not report the existence of such a limitation. The administrative regulations provide that, "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). Therefore, the ALJ could rely upon this opinion to offset those of the reviewers.

10

The ALJ also dealt properly with the evidence of record relating to Gross's mental condition. The second set of mental restrictions presented to the vocational expert by the ALJ came from Dr. Kevin Eggerman, an examining consultant. (Tr. 364). The first set came from Psychologist James Rosenthal, another examiner. (Tr. 431). The vocational expert's response as to the available job base was much more ambiguous with Rosenthal's restrictions, but Dr. Eggerman's opinion supports the administrative decision and, so, this was not a problem. Psychologist Ilze Sillers reviewed the record and did not believe that it supported the existence of a "severe" mental impairment. (Tr. 398). Psychologist Stephen Scher also reviewed the record and opined that the claimant would be "moderately" limited in such areas as handling detailed instructions, maintaining attention and concentration for extended time periods and completing a normal workday and work week without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods. (Tr. 461-462). The ALJ's findings were essentially consistent with each of these opinions. These reports provide substantial evidence to support the administrative decision.

Wright argues that the ALJ erred in rejecting the opinions of Dr. Thor Tangvold, her mother's treating psychiatrist, and Marci McGill, a treating licensed clinical social worker. The court notes that Dr. Tangvold did not identify more severe mental limitations than those found by the ALJ in his treatment notes. (Tr.

11

501-506, 510-546). McGill, a colleague of Dr. Tangvold, wrote a letter indicating that it was the opinion of herself and the doctor that Gross was totally disabled. (Tr. 508-509). However, Dr. Tangvold did not sign the letter and, so, it cannot be attributed to him. McGill was not an "acceptable medical source" whose opinion could be found binding on the ALJ. 20 C.F.R. § 404.1513. Furthermore, McGill merely stated that the claimant was disabled without identifying specific limitations. Such an opinion goes to the ultimate finding of disability and is reserved to the Commissioner under the federal regulations. 20 C.F.R. § 404.1527(e)(1). Therefore, the undersigned finds no error.

Wright also asserts that the ALJ erred by failing to cite specific reasons for rejecting the lay hearing testimony of herself and that of Ricky Gross, her mother's ex-husband. As noted by the defendant, the ALJ did not totally ignore this evidence, but briefly summarized it in the denial decision. (Tr. 25). During the administrative hearing, the ALJ asked Parsons to credit the limitations indicated by the family of Gross and he could name no jobs. (Tr. 610-611). The ALJ at least implicitly rejected this evidence. The administrative regulations provide that the ALJ can consider lay evidence, but such evidence is not made binding. 20 C.F.R. § 404.1513(d). While the ALJ did not explicitly state the reasons why this lay testimony was rejected, this would not be considered reversible error as long as the ALJ's decision is supported by substantial medical evidence. Higgs v. Bowen, 880

12

07-194 Robin Wright<br>O.B.O. Geraldine Gross

F.2d 860, 864 (6th Cir. 1988). In the present action, the ALJ discussed the medical evidence and substantial evidence supported the residual functional capacity. Therefore, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion

This the 23rd day of September, 2008.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**